UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff/Respondent,   ) | Criminal Action No. 5:19-178-DCR |
| ) | and |
| V.   ) | Civil Action No. 5: 23-297-DCR |
| ) | |
| WILLIAM MICHAEL FIELDS,   ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant.   ) | |

*** *** *** ***

Following a two-day jury trial in June 2020, Defendant/Movant William Michael Fields was convicted of two counts of producing child pornography in violation of 18 U.S.C. § 2251(a). He subsequently received a below-guidelines sentence of 420 months' imprisonment. Fields's conviction and sentence were affirmed by the United States Court of Appeals in March 2022. *United States v. Fields*, 2022 WL 633847 (6th Cir. Mar. 4, 2022). He now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, the motion will be denied because Fields has failed to identify an error of constitutional magnitude or any defect that results in a miscarriage of justice.

I.

Fields's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). [1]  Magistrate Judge Matthew A.

---

[1]   Fields filed an amended § 2255 motion on November 8, 2023. [Record No. 133] As the Magistrate Judge noted, the amended motion is substantially similar to Fields's original motion [Record No. 129], but "clarifies" the character of his ineffective-assistance claims.

- 1 -

Stinnett reviewed the motion and issued a Report and Recommendation ("R&R"), recommending that Fields's motion be denied. [Record No. 141] Fields later filed objections to the R&R. [Record No. 146] Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II.

Fields was a 36-year-old volunteer firefighter and constable in central Kentucky. E.Y. was a 17-year-old girl who participated in the Cynthiana, Kentucky Police Department's "Explorers" program. The program allowed young people with an interest in law enforcement careers to shadow law enforcement officers. E.Y. first met Fields while the two were "hang[ing] out" at the Bourbon County fire station. Fields volunteered to assist with the Explorers program, and he and E.Y. formed a sexual relationship. Following suspicious conduct involving Fields and multiple Explorers participants at Fields's home, the Cynthiana Police Department began investigating Fields's activities.

E.Y. ultimately advised authorities that she had sexual intercourse with Fields on multiple occasions. A forensic examination of E.Y.'s cell phone revealed photographs and videos of E.Y. and Fields engaging in sexual activity. And an examination of Fields's cell phone yielded similar images. Based on these events, a federal grand jury indicted Fields on two counts of producing child pornography on October 17, 2019. Attorney Christopher Spedding entered an appearance as Fields's retained counsel a few days later.

A jury trial was scheduled for December 16, 2019, but Fields sought numerous continuances, resulting in the trial eventually being scheduled to begin on June 1, 2020. However, less than two weeks before the trial was to begin, Spedding filed a motion to withdraw because Fields purportedly had retained another attorney. The United States vehemently opposed the motion to withdraw, as it believed Fields was intentionally delaying the trial and inflicting undue harm on E.Y. and her family in the process.

The Court conducted a hearing on the motion to withdraw on May 29, 2020, in which Spedding expressed that he was not "ready" for trial, solely due to Fields's dissatisfaction with him. But as the Court noted, Fields still had not retained another attorney to replace Spedding. And aside from a vague assertion of disagreement on how the case should be handled, Spedding did not offer any reason he could not represent Fields effectively. Observing that the victim and the public also have a right to a prompt resolution of criminal proceedings, the Court concluded that the matter would go forward as scheduled on June 1, 2020. When presented with that reality, Fields elected to keep Spedding as his counsel.[2]

E.Y. testified at trial regarding her relationship with Fields. She stated that Fields had recorded some of their sexual encounters using E.Y.'s iPhone, which was not passcode protected. The first encounter occurred on March 17, 2019, at a fire department storage facility. E.Y. testified that Fields took her to the facility under the guise of showing her "some firetrucks and stuff like that," but the two had sexual intercourse in the back of an ambulance. She was shocked when she woke up the next day and realized that the video had been sent

---

[2] The Sixth Circuit affirmed the Court's decision regarding Spedding's motion to withdraw. *Fields*, 2022 WL 633847, at *1-3.

from her phone to Fields's Snapchat account. E.Y. knew that she had not sent it, so she could only assume that Fields had done so the previous night.

The second encounter occurred at an EMT training facility on March 23, 2019. E.Y. testified that she secretly left her house to meet Fields at a fire station and then the two went to the EMT facility where they had sexual intercourse in an office. Again, Fields recorded portions of the incident using E.Y.'s iPhone. E.Y. testified that she knew Fields sent these videos to himself, as well, because she saw them later in the "photo vault" on his phone.

Forensic examiner Michael Littrell examined both E.Y.'s and Fields's phones. [Record No. 97, p. 79] Littrell found numerous videos and photos on E.Y.'s iPhone corresponding with the sexual conduct that E.Y. had described during her testimony. On Fields's phone, Littrell found screenshots or thumbnail photos of the same images in a "calculator app" that is designed to "hide or conceal those photographs from a casual user of the phone." *Id.* 108, 113.

Additionally, Littrell explained that Snapchat servers are stored all over the country, but primarily in California. *Id.* 92. When a user sends a Snapchat message, it goes to a Snapchat server where it is stored until the recipient opens it. Snapchat messages disappear from the app and the Snapchat server after a certain period of time. *Id.* 90. Littrell also testified that iPhones are manufactured in China or India. Based on the examination of E.Y.'s phone, he determined that it was assembled in China. *Id.* 78.

On June 2, 2020, a jury convicted Fields of two counts of producing visual depictions involving a minor engaged in sexually explicit conduct affecting interstate commerce in violation of 18 U.S.C. § 2251(a).

### III.

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). In other words, relief under section 2255 is warranted "only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (citing *Davis v. United States*, 417 U.S. 333 (1974)).

For the most part, Fields advances claims that attorney Spedding provided ineffective assistance, thus violating Fields's right to the effective assistance of counsel guaranteed by the Sixth Amendment. Such challenges are governed by the well-known standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). To satisfy this standard, a movant must show that his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

### IV.

The Magistrate Judge addressed each of Fields's claims in the R&R. Rather than lodging specific objections to the Magistrate Judge's findings, Fields "object[ed] to and oppos[ed] every aspect" of the R & R. [Record No. 146, p. 1] But a general objection to a R&R is not sufficient and ordinarily results in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Regardless, the Court has examined Fields's claims and agrees with the Magistrate Judge's conclusion that they lack merit.

Fields's first claim focuses largely on his assertion that E.Y. lied while testifying at trial and that Spedding failed to cross-examine her adequately. However, as the Magistrate Judge noted, "Spedding cross-examined [E.Y] on all the allegedly inconsistent statements and more." [Record No. 141, p. 7] Among the topics covered were E.Y.'s alcohol consumption, her purported interest in "older men," who recorded the sexually explicit images and videos, and who sent them from E.Y.'s phone to Fields. Counsel's failure to exhaust every conceivable line of investigation or questioning does not render his representation ineffective. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (defense counsel was not required to pursue every claim or defense to avoid an ineffective-assistance claim); *Perkins v. McKee*, 411 F. App'x 822, 833 (6th Cir. Feb. 14, 2011) (observing that "[t]he Constitution does not require defense counsel to pursue every trial strategy imaginable, whether likely to bear fruit or not.").

Fields also contends that he lacked the requisite criminal intent to be convicted because he and E.Y. were in a loving, consensual relationship. He further suggests that he would have been acquitted if Spedding had presented evidence to establish this point, such as calling E.Y.'s best friend as a witness. But Fields misconstrues the intent that is required to commit the crime of producing child pornography under 18 U.S.C. § 2251(a). Section 2251(a) does not require that the defendant "sexually engage with the minor for the *sole* purpose of producing visual depictions." *United States v. Frei*, 995 F.3d 561, 566 (6th Cir. 2021). Instead, it requires that he "acted with the intent to create visual depictions of sexually explicit conduct," and that he "knew the character and content of the visual depictions." *Id.*

Contrary to Fields's suggestion, a defendant doesn't need to plan ahead or use specialized equipment to produce child pornography. And regardless of whether Fields

believed he was in a "consensual" relationship with the 17-year-old E.Y., the elements of 18 U.S.C. § 2251(a) easily were supported by the government's proof at trial.

Finally, Fields's more general criticisms of Spedding's representation also fail. Criminal defendants are entitled to constitutionally effective representation—not perfect counsel. *Smith v. Mitchell*, 348 F.3d 177, 206 (6th Cir. 2003) (noting that, on habeas review, the issue is "the right to a fair trial, not to perfect representation"). Fields makes repeated claims that Snapchat records would have proved that he could not have sent the videos and images from E.Y.'s phone to his own phone based on the time that they were sent. But Fields has not identified any Snapchat records and the government's expert, Michael Littrell, testified that no such records exist. [Record No. 97, pp. 91-92] Additionally, as the government noted in its response to Fields's motion, the United States was not required to prove that Fields sent the videos or photographs. *See Frei*, 995 F.3d at 566 (noting that a "defendant violates § 2251(a) if he 'employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct.").

Absent compelling circumstances, a defendant may not raise new claims in his objections to an R&R, regardless of his *pro se* status. *See Ward v. United States*, 2000 WL 282648 (6th Cir. 2000); *Reed v. Swanson*, 2022 WL 4598501, at *6 (E.D. Mich. Sept. 30, 2022) (collecting cases). Nevertheless, the Court has reviewed Fields's claim that he had a constitutional right to be heard at the hearing on attorney Spedding's motion to withdraw. In discussing the Court's failure to question Fields at the hearing, the Sixth Circuit noted that "Fields never expressed his desire to speak to the district court, and, as Spedding emphasized

. . . no substitution motion was ever filed by Fields or another attorney on his behalf." *Fields*, 2022 WL 633847, at *2.

Fields now claims that Spedding instructed him not to speak during the hearing and, as a result, he was denied the right to advise the Court of the nature of the conflict between himself and Spedding. But Fields provides nothing more than conclusory allegations regarding the nature of the alleged "irreconcilable conflict." Further, and as previously explained, to establish ineffective assistance of counsel, Fields must show that he was prejudiced by Spedding's performance. *See Strickland*, 466 U.S. at 694. Fields has not identified anything that Spedding did or failed to do that would have likely affected the outcome of the trial. Accordingly, he has not established that Spedding's assistance was ineffective.

## V.

The Court also considers whether a certificate of appealability should issue. A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing requirement is satisfied when a movant demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate this Court's decision. In Fields's amended habeas motion, he recast all his claims as arising under an ineffective-assistance-of-counsel theory. While he appears to disagree with Spedding's trial strategy, Spedding's performance did not fall below an objective standard of reasonableness. Moreover, Fields has not shown that he was prejudiced by Spedding's performance because the additional actions Fields suggests Spedding should have taken are unlikely to have strengthened Fields's defense.

VI.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. Defendant William Michael Fields's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2555 [Record No. 129] and his amended motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 [Record No. 133] are **DENIED**.

2. The Magistrate Judge's Report and Recommendation [Record No. 141] is **ADOPTED** and **INCORPORATED**, in full.  Fields's objections to the Report and Recommendation [Record No. 146] are **OVERRULED**.

3. The claims raised in Fields's collateral proceeding are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4. A Certificate of Appealability will not issue.

Dated: July 11, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky